26CA0610 Walker v ICAO 08-13-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 26CA0610
Industrial Claim Appeals Office of the State of Colorado
DD No. 32695-2025

Richard Walker,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and Delta County
School District 50J,

Respondents.

ORDER AFFIRMED

Division VI
Opinion by JUDGE MOULTRIE
Grove and Gomez, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 13, 2026

Richard Walker, Pro Se

No Appearance for Respondent Industrial Claim Appeals Office

Camp & Skarka, LLC, David J. Skarka, Jordan A. Demo, Delta, Colorado, for
Respondent Delta County School District 50J

¶ 1    In this unemployment benefits case, claimant, Richard Walker, seeks review of a final order of the Industrial Claim Appeals Office (Panel) dismissing as untimely his appeal of the hearing officer's decision.  We affirm the Panel's order.

## I.    Background

¶ 2    Walker worked as a custodian for Delta County School District 50J (Employer).  When Employer discharged him, Walker applied for unemployment benefits.  A deputy with the Division of Unemployment Insurance (Division) determined that Employer discharged Walker for failing to meet established job performance standards, and thus, he was disqualified from receiving unemployment benefits pursuant to section 8-73-108(5)(e)(XX), C.R.S. 2025.  Walker appealed the deputy's decision to a Division hearing officer, and the Division scheduled the matter for an evidentiary hearing regarding the reason for Walker's employment separation.

¶ 3    After reviewing the evidence, the hearing officer reached the same conclusion as the deputy.  Accordingly, the hearing officer issued an order disqualifying Walker from receiving benefits.  That order expressly advised Walker that the decision would be final

1

unless he filed an appeal with the Panel "within 20 calendar days from the date the [hearing officer's] decision was mailed." (Emphasis omitted.) The hearing officer's decision was mailed to Walker on February 3, 2026, making the appeal deadline February 23, 2026. Walker filed an appeal with the Panel on February 25, 2026 — two days past the deadline. The day after receiving his appeal, the Panel emailed Walker requesting that he explain the untimely filing. That email directed Walker to respond by March 9, 2026. Walker failed to respond, and the Panel dismissed his appeal for failure to demonstrate good cause for the untimely filing.

## II.    Legal Principles and Standard of Review

¶ 4    The Panel must receive a claimant's appeal of a hearing officer's decision within twenty calendar days after the claimant is notified of that decision. § 8-74-104(1), C.R.S. 2025. The Panel may review an untimely appeal only upon finding good cause for the late filing. Div. of Unemployment Ins. Reg. 12.1.3.3, 7 Code Colo. Regs. 1101-2.

¶ 5    In determining whether a claimant has shown good cause, the Panel considers (1) "whether the party acted in the manner that a reasonably prudent individual would have acted under the same or

2

similar circumstances"; (2) whether the Division committed an "administrative error"; (3) whether the claimant "exercised control over the untimely action"; (4) the length of the delay in filing; (5) whether the delay prejudiced "any other interested party"; and (6) "whether denying good cause would lead to a result that is inconsistent with the law." Div. of Unemployment Ins. Reg. 12.1.8, 7 Code Colo. Regs. 1101-2. The Panel has discretion to weigh the foregoing factors, and we won't disturb its ruling absent an abuse of that discretion. *Nguyen v. Indus. Claim Appeals Off.*, 174 P.3d 847, 848-49 (Colo. App. 2007).

### III. Analysis

¶ 6    Walker makes a short argument to this court: "Things that were reported were not accurate. My appeal was 2 days late and I feel that had some impact on the decision." Because Walker represents himself, we construe his arguments liberally and address them to the extent we can understand them. *See Gandy v. Williams*, 2019 COA 118, ¶ 8; *Cikraji v. Snowberger*, 2015 COA 66, ¶ 10. However, liberal construction doesn't include creating arguments for Walker or otherwise advocating on his behalf. *See People v. Cali*, 2020 CO 20, ¶ 34; *Minshall v. Johnston*, 2018 COA

44, ¶ 21. And, as we explain next, Walker hasn't presented any arguments that we can review.

¶ 7     We discern that Walker is challenging the merits of the hearing officer's determination that Walker was disqualified from receiving benefits. *See Federico v. Brannan Sand & Gravel Co.*, 788 P.2d 1268, 1270-73 (Colo. 1990) (explaining that the Panel reviews the hearing officer's decision and an appellate court reviews the Panel's decision). But the merits of the hearing officer's decision aren't properly before us because the Panel never reached those issues. *See* § 8-74-107(2), C.R.S. 2025 (granting appellate court jurisdiction to review only the Panel's decision); *Debalco Enters., Inc. v. Indus. Claim Appeals Off.*, 32 P.3d 621, 624 (Colo. App. 2001) (an appellate court reviews only issues raised and ruled on by the Panel). Thus, we can only review the sole issue the Panel addressed — whether Walker demonstrated good cause for his late appeal. *See Debalco Enters., Inc.*, 32 P.3d at 624.

¶ 8     Walker doesn't explain to us why his appeal was late, nor did he explain it to the Panel. Because Walker didn't respond to the Panel's request for information regarding the reason for his

untimely appeal, he failed to preserve any relevant arguments for our review.  *See id.*

## IV.   Disposition

¶ 9     The Panel's order is affirmed.

JUDGE GROVE and JUDGE GOMEZ concur.